Filed 6/26/14  P. v. Kelley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Plumas)

----

|  |  |
|---|---|
| THE PEOPLE, | C073133 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF1200637) |
| v. | |
| JEFFREY LEE KELLEY, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 3, 2012, Carl Rouse contacted the Plumas County Sheriff's Office and reported that his Harley Davidson motorcycle and some of his tools were taken from his storage unit.  Several latent finger prints were collected from the storage unit.

1

Several days later, Rouse contacted the sheriff's department again and advised that defendant was attempting to sell Harley Davidson motorcycle parts. Rouse drove by defendant's residence and watched defendant sanding a motorcycle fender that matched the make and color of his stolen motorcycle. Law enforcement also went to defendant's residence and saw defendant "assembling a Harley Davidson motorcycle to a Paco frame and engine." Law enforcement confirmed the Harley Davidson parts being used were from Rouse's stolen motorcycle.

Law enforcement contacted defendant, who claimed he did not know the motorcycle parts were stolen. Defendant first said he purchased the parts after seeing them advertised in the "Big Nickel," by someone named "Terry." Terry lived in Reno, Nevada. Law enforcement contacted Terry and confirmed that he did not sell the Harley Davidson parts to defendant.

Defendant was arrested and subsequently charged with second degree burglary (Pen. Code, § 459 -- count one), grand theft of personal property (Pen. Code, § 487, subd. (a) -- count two), and buying, receiving, concealing, selling or withholding a stolen vehicle (Pen. Code, § 496, subd. (d) -- count three). Defendant pled no contest to count three in exchange for five years of probation and 365 days in county jail (defendant would also serve a probation violation in case No. M1200056, concurrent to that jail term). In exchange for his plea, the remaining charges were dismissed.

Defendant was sentenced to three years of probation, ordered to serve 365 days in county jail, awarded 226 days of custody/conduct credit, and ordered to pay various fines and fees. Following a restitution hearing, defendant was ordered to pay direct restitution to Rouse in the amount of $9,112.25.

Defendant appeals.

### *WENDE* REVIEW

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende*, requesting the court to

2

review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


     MURRAY     , J.


We concur:


     BLEASE     , Acting P. J.


     HULL     , J.